would have derived from the contract if it had been performed. The contract describes the nature of the broadcast in general terms, and by the language employed in the complaint the pleader may have intended to allege a custom in connection with such broadcasts to allow to the broadcaster a short period for personal build-up at the opening and close of the program. The portion of the complaint that has been stricken out falls short of alleging such a custom, but, if it existed, we do not intend to prevent the plaintiff from pleading such material in an amended complaint, together with any claim to special damages by reason thereof, so that such an issue, if it exists, will be clearly defined and capable of being met by the defendant. We reserve the right to pass upon the sufficiency in law of whatever amendment to the complaint may be interposed, after it has been made. Order appealed from unanimously affirmed, with $20 costs and disbursements to the respondent, with leave to the plaintiff to serve an amended complaint within ten days after service of the order, with notice of entry thereof, on payment of said costs. Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ.

SAM MENCHER, as President of the Furriers' Joint Council of New York, Respondent, v. MORRIS COOPERSMITH, Appellant.— Order unanimously modified by striking out paragraphs 5 to 9 inclusive, the first sentence of paragraph 10, all except the first two sentences of paragraph 12 and the first line of paragraph 13; and as so modified affirmed, with $20 costs and disbursements to the appellant. Settle order on notice. Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.

SAMUEL SEGAL, Respondent, v. SEGAL LOCK & HARDWARE COMPANY, INC., et al., Appellants.— Order, insofar as it grants plaintiff a bill of particulars as to items 6 and 7 and insofar as it denies defendants' cross motion to examine plaintiff before trial as to items (a) through (z) inclusive, and production of relevant books, papers, documents and other memoranda pursuant to section 296 of the Civil Practice Act, unanimously modified by allowing defendants to examine plaintiff before trial as to all items except (l), (q), (t), (u), (v), (w), (x), (y) and (z), and as so modified affirmed, with $10 costs and disbursements to the appellants. The date for the examination to proceed to be fixed in the order. Settle order on notice. Order, insofar as it grants plaintiff an examination before trial as to items d, e, f, g, h, q, t and u, and insofar as it modifies defendants' demand for a bill of particulars by eliminating therefrom items 4, 6(d), (e), (f) and (k), 9(a), (b), (c) and (d), and 13(b), (c) and (d) and insofar as it directs that plaintiff's bill of particulars be served after the completion of the examination before trial of Louis Segal, unanimously modified by requiring plaintiff to furnish in addition particulars of items 4, 6(k), 13(c) and 13(d), and as so modified affirmed. The date for the examination to proceed to be fixed in the order. Settle order on notice. Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ.

JANET F. PHILIPS, Appellant, v. JOHN T. PHILIPS, Respondent.— Order unanimously affirmed. No opinion. Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.

HENRY T. SMITH, Appellant, v. SAMUEL FEIGIN et al., Respondents.— Motion for leave to appeal to the Court of Appeals granted. Motion for a stay pending said appeal granted upon conditions stated in order. Present — Peck, P. J., Cohn, Callahan, Van Voorhis and Shientag, JJ. [See *ante*, p. 277.]

LEWIS DE ANGELIS v. WHITE-ALL CORP. et al.— Motion for reargument denied, with $10 costs. Present — Peck, P. J., Cohn, Callahan, Van Voorhis and Shientag, JJ. [See *ante*, p. 873.]